# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-025 |
| vs. | : | Judge Timothy S. Black |
| LELON CAMPBELL, | : | |
| Defendant. | : | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

This criminal case is before the Court on the Government's motion for a protective order (Doc. 20) and the parties' responsive memoranda (Docs. 21, 22). Also before the Court is the Government's *ex parte* written statement in support of the protective order. (Doc. 23).[1]

## I. BACKGROUND

On March 6, 2019, a federal grand jury returned a five-count indictment, charging Defendant Lelon Campbell with: distribution and attempt to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1); possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 2); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 3); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 4); and possession of a firearm in furtherance of a drug trafficking offense, in

---

[1] The Court finds that *ex parte* submission of a written statement, pursuant to Fed. R. Crim. P. 16(d)(1), is appropriate, as disclosure to the defense would risk the same type of harm that the protective order seeks to avoid. As required by Rule 16(d)(1), the written statement has been filed as an *ex parte*, sealed document in this case. (Doc. 23).

violation of 18 U.S.C. § 924(c) (Count 5). (Doc. 17). As charged, Defendant faces up to 10 years imprisonment on Count 4, up to 20 years on Counts 1 and 3, a minimum mandatory of five years up to 40 years on Count 2, and a mandatory consecutive term of five years up to life on Count 5. *See* 18 U.S.C. § 924(a)(2), (c)(1)(A)(i), and (D)(ii); and 21 U.S.C. § 841(b)(1)(B), (b)(1)(C).

Following a detention hearing, the United States Magistrate Judge found that, based upon Defendant's significant and lengthy criminal history, prior crimes of violence or use of a weapon, prior failures to appear, and prior violations of supervision, there were no conditions or combination of conditions that would reasonably assure Defendant's appearance or the safety of the community if Defendant were released. (Doc. 12). Accordingly, Defendant was ordered detained pending trial. (*Id.*)

On March 21, 2019, the Court held a preliminary pretrial conference, during which the Government advised that it would seek a protective order from the Court prior to producing discovery. (Min. Entry, Mar. 21, 2019). Because Defendant intended to oppose the protective order, the Court established a briefing schedule, and the instant motion followed. (*Id.*)

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Crim. P. 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Government bears the burden of showing 'good cause' for a protective order, which showing must be made with sufficient specificity and cannot rest upon broad and

unsubstantiated allegations. *United States v. Stone*, No. 10-20123, 2012 WL 137746, at *2 (E.D. Mich. Jan. 18, 2012).

While Rule 16 "does not attempt to indicate when a protective order should be entered, <u>it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical … harm if his identity is revealed</u>." Fed. R. Crim. P. 16(d) advisory committee's note to 1974 amendment (emphasis added). Also relevant to the Court's consideration is whether the proposed protective order is no broader than necessary to accomplish its intended purpose, and whether Defendant has shown he is prejudiced by the imposed limitations. *See United States v. Montgomery*, 592 F. App'x 411, 417 (6th Cir. 2014) (citing *United States v. Davis,* 809 F.2d 1194, 1210 (6th Cir. 1987)); *United States v. Darden*, No. 3:17-CR-00124, 2017 WL 3700340, at *2 (M.D. Tenn. Aug. 28, 2017).

### III. ANALYSIS

The Government argues that "there is 'good cause' to enter a protective order pursuant to Rule 16(d)(1) because this defendant presents a risk to the safety of witnesses and others." (Doc. 20 at 3).[2] Accordingly, the Government proposes to redact personal identifying information relating to its confidential informants and other sources of confidential information, all contained in a limited number of discovery items, which items will be marked "CONFIDENTIAL." (*Id*.; Doc. 22 at 1-2). The CONFIDENTIAL items will then be provided to defense counsel, subject to the limitations contained in the

---

[2] The Government's *ex parte* written statement speaks to this concern in detail. (Doc. 23).

protective order—specifically, that CONFIDENTIAL materials and information may only be disclosed to "Designated Persons";[3] that Defendant may only review CONFIDENTIAL items in the presence of his attorney; and that Defendant is prohibited from maintaining in his possession any CONFIDENTIAL items or any notes on CONFIDENTIAL information. (Doc. 20, Attach. 1).

Thus, under the proposed protective order, although limited information will be redacted and a small percentage of items cannot be maintained in Defendant's possession or disseminated, Defendant will otherwise have access to all discovery materials. (*Id.*; Doc. 22 at 2-3). The only exception to Defendant's access relates to a recording of the controlled buys, which recording remains in the custody of the U.S. Attorney's Office, but has previously been shown to defense counsel and continues to be available for review at counsel's convenience. (Doc. 20 at 2-3). Moreover, although the protective order contemplates Defendant will be provided only the transcripts of the recording, the Government states in its reply that the parties "have already discussed the mechanics of having the defendant view the controlled buy videos in this case." (Doc. 22 at 3).

Defendant raises three arguments in opposition to the protective order. (Doc. 21). First, Defendant argues that the protective order encroaches upon his "Sixth Amendment right to know his accusers and the nature of the charges against him." (*Id.* at 2-3). Second, Defendant argues that the proposed protective order is ill-reasoned, as the

---

[3] Pursuant to ¶ 2(f) of the protective order, "Designated Persons" generally includes attorneys, investigators, paralegals, and other support staff employed by the Federal Public Defender's Office, as well as retained experts and any other persons authorized by agreement of the parties or order of the Court. (Doc. 20, Attach. 1 at 2).

Government intends to redact personal identifiers in the CONFIDENTIAL materials and, therefore, Defendant's retention of those materials cannot logically pose any danger to informants or witnesses. (*Id*. at 3). Third, Defendant asserts that the protective order is impractical and overly-burdensome, as it would require in-person meetings with counsel in order for Defendant to review the discovery. (*Id*. at 4).

Here, the Court finds that the Government's proposed protective order serves the significant interest of ensuring the safety of witnesses and confidential informants. Having considered Defendant's history and characteristics, the seriousness of the charged conduct, and the specifics of the Government's *ex parte* written statement (Doc. 23), this Court concludes that Defendant poses an overwhelming risk to the safety of witnesses and informants. Accordingly, a protective order is appropriate and warranted.

Moreover, the protective order is no broader than necessary to accomplish its intended purpose. The Court acknowledges Defendant's argument that personal identifiers will be redacted from the discovery items. However, the remainder of the information contained in the materials will be unredacted, and that unredacted content can undoubtedly be used in piecing together the possible identities of witnesses and informants. While this reality may appear to undermine the purpose of limiting Defendant's retention of the documents, the Court is disinclined to throw caution to the wind and allow the materials to remain in Defendant's possession, providing ample, uninterrupted time to mull over the informants' identities.

Additionally, the restrictions on retention are not overly-burdensome. As the Government notes, the CONFIDENTIAL materials total approximately 30 pages of

documents and 13 surveillance photographs, representing only a small percentage of the discovery. (Doc. 22 at 2-3). The entirety of the remaining discovery will not be subject to the protective order and may remain in Defendant's possession for his independent review. Accordingly, requiring Defendant to review CONFIDENTIAL discovery in defense counsel's presence—while certainly not as *convenient* as the alternative—is neither overly-burdensome, nor impractical.

Finally, Defendant fails to show that the restrictions of the protective order will prejudice his ability to prepare a defense. As an initial matter, the Court rejects the notion that Defendant does not "know his accusers [or] the nature of the charges against him." (See Doc. 21 at 2). The only information Defendant will not have, at this time, is the precise the identities of the confidential informants. This limited redaction does not obscure the nature of the charges, and Defendant will be permitted to confront witnesses against him in due course. Thus, Defendant's bare assertions do not demonstrate prejudice to the defense, nor are they sufficient to warrant disclosure of the confidential informants' identities. *See Davis*, 809 F.2d at 1210 (noting that challenge to protective order requires the defendant to show "substantial prejudice"); *United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) ("district court was within its discretion to allow the Government to withhold the identity of its CI … [where the defendant] failed to demonstrate how disclosure of information about the CI would 'substantively assist his defense' or that disclosure was 'essential to a fair trial'") (quoting *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992)).

## IV.  CONCLUSION

Based upon the foregoing, the Government's motion for a protective order (Doc. 20) is **GRANTED**.  The Court will enter the Government's proposed protective order (Doc. 20-1) by separate entry.

**IT IS SO ORDERED.**

Date:  6/14/2019 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge