# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**THE UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**LELON CAMPBELL,**

    **Defendant.**

Case No. 1:19-cr-25
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendant Lelon Campbell's Post-Verdict Rule 29 Motion for Judgment of Acquittal ("Mot."). (Doc. 88). For the reasons explained more fully below, the Court **DENIES** Campbell's Motion.

## BACKGROUND

On November 17, 2021, the United States returned a superseding indictment containing six counts against Lelon Campbell.[1] (Doc. 71). The superseding indictment alleged that Campbell distributed and attempted to distribute a controlled substance (Count One), possessed controlled substances with intent to distribute them (Counts Two and Three), possessed a firearm while a prohibited person (Count Four), possessed a firearm in furtherance of a drug trafficking offense (Count Five), and used or maintained a drug-involved premises (Count Six). (*Id.* at #490–92). At his initial appearance and arraignment on the superseding indictment before Magistrate

---

[1] Campbell had originally been indicted on five counts on March 6, 2019. (Doc. 17). The superseding indictment maintained the first five counts, although adding further allegations as to some counts, while also adding a sixth count. (*Compare* Doc. 17 *with* Doc. 71).

Judge Bowman on Tuesday, November 23, Campbell entered a plea of not guilty on all counts. (Minute Entry, Doc. 76, #511).

The parties had engaged in extensive plea negotiations surrounding the previous indictment, which had proved fruitless. At the time the superseding indictment issued, trial was scheduled in the matter for November 29, 2021. The Court advised Campbell (through counsel) of his right to continue the trial in light of the superseding indictment, but Campbell stated he wished to proceed with the currently scheduled trial date. (*See* Nov. 16, 2021, Minute Entry (noting that the "trial calendar was discussed," but that "[t]he Jury Trial shall remain set for 11/29/21")). Accordingly, the Court held a Final Pretrial Conference and *Lafler* Hearing on Wednesday, November 24. At that hearing, Campbell orally moved to dismiss the superseding indictment on prosecutorial vindictiveness and speedy trial grounds. (Nov. 24, 2021, Minute Entry). Two days later, he filed a written motion to the same effect. (Doc. 80). The United States filed its opposition the next day. (Doc. 81). On November 29, just before proceeding with the trial, the Court ruled on the motion from the bench. The Court denied the motion to dismiss the superseding indictment, but severed Count Six for a separate trial under Fed. R. Crim. P. 14(a), given the late date on which the superseding indictment arose. (Nov. 29, 2021, Notation Order). The parties proceeded to trial on the remaining five counts that morning.

After hearing three days of evidence on Counts One through Five of the superseding indictment, the jury deliberated for one day and returned verdicts of

guilty on Counts One, Two, and Three (i.e., the drug-related counts), and verdicts of not guilty on Counts Four and Five (i.e., the weapons-related counts). (Verdict Form, Doc. 87). The day after the verdict, Campbell filed the instant motion for acquittal under Fed. R. Crim. P. 29. (Doc. 88). The United States responded in opposition. (Doc. 90). The matter is now fully briefed and ready for the Court's review.

## LAW AND ANALYSIS

A motion for judgment of acquittal under Fed. R. Crim. P. 29(c) requires a court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Owusu*, 199 F.3d 329, 341 (6th Cir. 2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The defendant's burden "is very heavy because the reviewing court does not judge the credibility of witnesses or weigh the evidence, and it draws all reasonable inferences in the government's favor." *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005) (citing *United States v. Walls*, 293 F.3d 959, 967 (6th Cir. 2002)).

The government receives the benefit of all reasonable inferences "even if the evidence is circumstantial. It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (quoting *United States v. Head*, 927 F.2d 1361, 1365 (6th Cir. 1991)). "Circumstantial evidence alone, if substantial and competent, may sustain a conviction under this deferential standard of review." *United States v. Beverly*, 369

3

F.3d 516, 531 (6th Cir. 2004) (quoting *United States v. Adams*, 265 F.3d 420, 423 (6th Cir. 2001)).

In his Motion, Campbell argues that the evidence was insufficient to convict him of Counts One, Two, and Three, and that, additionally, the jury's acquittal on Counts Four and Five is inconsistent with his guilt on Counts Two and Three. As a result, he asks that the Court enter judgment of acquittal on Counts One through Three.

**A.     The Evidence Was Sufficient To Convict Campbell On Count One.**

Count One of the superseding indictment charged Campbell with distributing and attempting to distribute a mixture containing a detectable amount of fentanyl. (Doc. 71, #490). To convict Campbell of Count One, the jury must have found beyond a reasonable doubt that Campbell knowingly distributed fentanyl and that he knew at the time of distribution that the substance was a controlled substance. *See* 21 U.S.C. § 841(a); *United States v. Harris*, 293 F.3d 970, 974 (6th Cir. 2002).

The Court need not spend much time on Campbell's argument for acquittal on Count One, as his brief in that regard is self-defeating. Campbell asserts that "there is insufficient evidence to support a guilty verdict in Count 1 as no one, other than the confidential informant and investigating officers, identified Mr. Campbell as the individual who allegedly sold the small amount of drugs [to] the confidential informant." (Mot., Doc. 88, #605). This sentence essentially concedes the sufficiency of the evidence, as it acknowledges that several witnesses identified Campbell as the person who sold the controlled substance on the alleged date. In addition to the

testimony of two police officers and the confidential informant, the United States introduced a video recording of the controlled buy and a laboratory report showing that the substance obtained by the confidential informant contained approximately 0.156 grams of a mixture of acetyl fentanyl, fentanyl, and cocaine.

Campbell falls well short of establishing the insufficiency of the evidence as to Count One, particularly under the deferential standard the Court must employ in considering a Rule 29(c) motion. As such, the Court **DENIES** his motion as to Count One.

**B.  The Evidence Was Sufficient To Convict Campbell On Counts Two And Three, And Any Inconsistency Between The Verdicts On The Drug-Related Counts And The Weapons-Related Counts Is Not Grounds For Acquittal.**

Counts Two and Three of the indictment charged Campbell with possessing fentanyl and cocaine, respectively, with intent to distribute. (Doc. 71, #490–91). Count Four charged Campbell with possessing a firearm as a prohibited person, and Count Five charged him with possessing a firearm in furtherance of the drug trafficking crimes alleged in the indictment. (*Id.* at #491–92). Campbell argues with respect to Counts Two and Three that, "because the jury acquitted him of Counts 4 and 5" and "because the [] evidence submitted to the jury regarding Counts 2 and 3 is the same evidence that applies to Counts 4 and 5," that the jury returned an inconsistent verdict. (Mot., Doc. 88, #604–05). According to Campbell, that entitles him to acquittal. The Court disagrees.

To convict Campbell of possession with intent to distribute, the jury must have found beyond a reasonable doubt that Campbell knowingly possessed the controlled

5

substances and intended to distribute the controlled substances. *See* 21 U.S.C. § 841(a); *United States v. Russell*, 595 F.3d 633, 645 (6th Cir. 2010) (quoting *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006)). Here, despite Campbell's belief that "there is no evidence" that he possessed "the drugs alleged in Counts 2 and 3," (Mot., Doc. 88, #605–06), the evidence that the government introduced at trial was more than sufficient to allow a rational jury to find that Campbell constructively possessed the controlled substances identified in the two counts. For example, the government produced from Campbell's cell phone text messages which appear to coordinate drug sales and repeatedly reference a "69th Street" address—the same address where police found Campbell, the drugs, and the guns when they executed one of the two search warrants at issue in this case. This is circumstantial evidence that Campbell possessed the drugs stored at that location. Moreover, two officers testified that Campbell had engaged in hand-to-hand drug transactions in and around the 69th Street residence in the weeks leading up to his arrest. For example, the officers testified that vehicles would pull up, Campbell would open the door to the residence to allow the vehicle occupants to enter, and the vehicle occupants would leave shortly thereafter, a pattern of behavior that the officers testified was consistent with selling drugs. And, if the jury concluded that Campbell was selling drugs from that address, it likewise could have concluded that he possessed the distribution-quantity drugs that were stored there.

The story is similar as to the evidence regarding his intent to distribute. As to that issue, the Court instructed the jury that it could consider "all the facts and

6

circumstances shown by the evidence," including the quantity of the drugs, their street value, the presence of weapons, and the presence of equipment used in the sale of drugs. (Jury Instrs., Doc. 82, #564, 567). The government introduced substantial circumstantial evidence relating to these considerations, including: (1) the above-referenced testimony of Campbell's hand-to-hand drug transactions; (2) Campbell's text messages, which included significant "drug talk"; (3) a laboratory report indicating approximately 150.15 grams of mixtures containing fentanyl recovered from the house; (4) a laboratory report indicating approximately 28.955 grams of a mixture containing fentanyl and cocaine and approximately 35 grams of cocaine recovered from the house; (5) the presence of a number of firearms, including two firearms within feet of the controlled substances; and (6) packaging materials, scales, and cutting agents present at the house.

Drawing all reasonable inferences in favor of the United States, this evidence, in conjunction with the evidence of his constructive possession, was sufficient to convict Campbell on Counts Two and Three.

Perhaps that is why Campbell does not focus his attack so much on the sufficiency of the evidence as on the alleged inconsistency between the verdicts as to the drug-related charges on the one hand (Counts Two and Three), and the weapons-related charges on the other (Counts Four and Five). More specifically, Campbell argues that the government's evidence as to the possession of both the drugs and the guns was essentially the same, and thus a rational jury could not have found that

7

Campbell possessed the former, while simultaneously finding that he did not possess the latter.

There are two problems with Campbell's argument—one legal and one factual. Start with the former. The Sixth Circuit has "repeatedly recognized the proposition that inconsistent verdicts in a criminal case generally are not reviewable." *United States v. Randolph*, 794 F.3d 602, 610 (6th Cir. 2015) (citing *United States v. Smith*, 749 F.3d 465, 498 (6th Cir. 2014)). Although the Sixth Circuit has recognized two potential exceptions to this general rule, Campbell's case satisfies neither. First, "relief may be warranted" "where jury verdicts 'are marked by such inconsistency as to indicate arbitrariness or irrationality.'" *Randolph*, 794 F.3d at 610 (quoting *United States v. Lawrence*, 555 F.3d 254, 263 (6th Cir. 2009)). Second, a court may review an inconsistent verdict "where a guilty verdict on one count necessarily excludes a finding of guilt on another," i.e., where there is a "mutually exclusive" verdict. *Id.* at 610–11 (quoting *United States v. Ruiz*, 386 F. App'x 530, 533 (6th Cir. 2010)).

The latter exception does not work for Campbell because the "mutually exclusive" exception "contemplate[s] a situation in which a defendant receives two guilty verdicts that are logically inconsistent" (for example, conviction "of both larceny and embezzlement based on the same underlying conduct"). *Ruiz*, 386 F. App'x at 533. Campbell has not been found guilty on two counts which are mutually exclusive as a matter of law. Rather, he has been convicted on two counts (which are consistent with each other) and acquitted on two counts, and argues that the

8

acquittals are inconsistent with the convictions. That is not how this exception has been applied.

Neither does the first exception apply, because "[t]he inconsistency here—if any—does not necessarily indicate either arbitrariness or irrationality." *United States v. Lucas*, No. 19-6390, 2021 WL 4099241, at *5 (6th Cir. Sept. 9, 2021), cert. denied sub nom. *Titington v. United States*, No. 21-5985, 2021 WL 5284798 (U.S. Nov. 15, 2021). Indeed, that leads directly to the factual problem with Campbell's claim—namely, that the Court finds no inconsistency in the verdicts here at all. Campbell argues that the jury heard the "same evidence" regarding Counts Four and Five as it did regarding Counts Two and Three, but this is simply not true. While the government advanced a similar theory of possession as to both the controlled substances in Counts Two and Three and the firearms in Counts Four and Five—that Campbell constructively possessed all of them given his dominion and control over the house where they were found—the evidence presented could easily have led the jury to different conclusions as to each.

As noted above, as to the controlled substances, the government introduced evidence tending to show that Campbell was engaged in drug sales at the very location where police found large quantities of controlled substances during a search. But while the government had substantial circumstantial evidence linking Campbell to *drug* activity, the government did not introduce this same quantum or quality of evidence linking Campbell to the firearms. The government's evidence on this point largely consisted of Campbell's repeated presence at the 69th Street address (where

9

the guns were found). But the evidence also showed that many other people were in and out of that location on a routine basis. And, while the government presented exhaustive DNA evidence from the weapons recovered at the location, none of that evidence conclusively identified (or, in fairness, ruled out) Campbell as having handled any of the guns. Likewise, the text messages relating to drug transactions make no mention of firearms, and no officers testified to Campbell's actual possession of any firearms.

About all the government offered linking Campbell to any weapons was his recorded statement, during a sale to a confidential informant, that if the confidential informant was working with police, Campbell would "shoot" him. From this, the jury perhaps could have concluded that Campbell possessed at least one of the firearms located at the 69th Street address—after all, shooting someone seems to at least imply using a gun. But, while the jury *could have* made that inferential jump, it is equally possible that the jury elected not to do so.

In short, the discrepancy between the evidence linking Campbell to the drugs and the evidence linking Campbell to the guns could have led a reasonable jury to conclude that the government met its burden of proving beyond a reasonable doubt that Campbell constructively possessed the former but not the latter. That is, the jury could have concluded beyond a reasonable doubt, based on the Court's instruction and the evidence introduced at trial, that Campbell "had the right to exercise physical control[,] … knew that he had this right, and [] intended to exercise physical control"

10

over the controlled substances but not over the firearms. (*See* Jury Instrs., Doc. 82, #558). Thus, the Court sees no inconsistency in the jury's verdicts.

Moreover, even if there were inconsistency, Campbell could not say with certainty that the inconsistency worked against him. *See United States v. Powell*, 469 U.S. 57, 65 (1984) ("[I]nconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense—should not necessarily be interpreted as a windfall to the Government at the defendant's expense."). And, in any case, Campbell is already "afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Id.* at 67. This review of evidentiary sufficiency as to Counts Two and Three is "independent of the jury's determination" as to Counts Four and Five. *See id.* Here, as described above, that independent evidentiary review shows that the government presented sufficient evidence as to Counts Two and Three. Accordingly, the Court **DENIES** Campbell's motion for acquittal as to those two counts.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Campbell's Post-Verdict Rule 29 Motion for Judgment of Acquittal. (Doc. 88).

**SO ORDERED.**

December 15, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

11